FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 30 2012

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| CEDRIC W. RAMEY, | ) |
| | ) |
| PLAINTIFF | ) |
| | ) |
| | ) CASE NO.: 4:12 cv 679 JMM |
| V. | ) |
| | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| DEFENDANT | ) |
| | ) This case assigned to District Judge Moody |
| | ) and to Magistrate Judge Volpe |

## COMPLAINT

Comes Cedric Ramey, by and through counsel, James W. Stanley, Jr. and for his complaint and cause of action states to the Court as follows:

1. This Court has jurisdiction over the subject matter and this appeal pursuant to 38 U.S.C. 2671-2680 and 28 U.S.C. 1346. This is an action brought under the Federal Tort Claims Act (hereinafter "FTCA").

2. Plaintiff is a resident and citizen of Pulaski County, Arkansas and the events complained of herein occurred in Pulaski County, Arkansas. Defendant, United States of America is the supervising governmental body over the U.S. Department of Veterans Affairs (hereinafter "VA").

3. Plaintiff filed an administrative claim with the agency in June, 2011. That claim was denied administratively. Plaintiff sought a request for reconsideration. The reconsideration request was denied by decision of September 18, 2012 by the effected agency. A copy of said denial is attached hereto as Exhibit A. Plaintiff has instituted these proceedings in this court in a timely manner.

4. In May, 2011 Plaintiff was an in-patient at the VA's North Little Rock Veteran's Hospital and was at all times relevant, a licensee on the hospital premises as being an in-patient. As part and partial of his in-patient duties and obligations, Plaintiff was required to launder his own clothing. On or about May 24, 2011 at the Defendant's VA facility in North Little Rock, Building 170 (in the laundry room) while loading a washing machine with his clothing in order to fulfill such obligations as an in-patient, Plaintiff slipped and fell on a liquid on the floor that had accumulated and had been there for some period of time, thereby injuring his right knee, to include bruises, contusions, and abrasions and eventual damage to the meniscus.

5. Defendant, through its agents and servants, had full control over the laundry room facilities in Building 170 of the VA Medical Center in North Little Rock. In its control over such, Defendant had a duty of ordinary care to protect

individuals such as licensees like your Plaintiff from being harmed by dangerous and defective conditions existing on the premises.

6. Plaintiff's bodily injuries sustained were proximately caused by the negligence of the Defendant's agents and servants by their failing to maintain the laundry room aforesaid, in a reasonably safe condition by, among other things:

a. not monitoring the accumulation of liquids on the floor, even though readily visible to security cameras at all times;

b. failing to periodically check to make sure washing machines, which would naturally cause some accumulation of water from time to time and/or wet clothing, would not allow a build-up of water;

c. failing to place appropriate warning signs, as required by OSHA, on the laundry room premises in order to warn of such dangerous and defective conditions, and;

d. failing to advise your Plaintiff of such dangerous and defective conditions so as to prevent such events as what occurred on May 24, 2011 to him.

7. As a direct and proximate result of the Plaintiff's slip and fall on Defendant's premises on May 24, 2011 he sustained bruises, abrasions, contusions and dislocation of his right knee, thereby requiring extensive medical care with

possible surgery being required, utilizing medications for his considerable pain, and the incurring mental anguish. Such trauma has significantly contributed toward the Plaintiff's inability to work in a gainful capacity.

WHEREFORE, premises considered, Plaintiff Cedric Ramey, prays that this Court, by trial before the Court determined the Defendant, through its agents, servants and employees at the VAMC North Little Rock in operating in the scope of such employment were careless and negligent in allowing a dangerous and defective condition to exist on premises controlled and owned by the Defendants agency (VA) and that such condition has resulted in proximately caused damages being sustained by the Plaintiff to his right lower extremity, especially his knee structures and of which he seeks damages of $50,000.00.

Respectfully submitted,

James W. Stanley, Jr.
Arkansas Bar No. 75124
917 West Markham, Suite A
Little Rock, AR  72201
(501) 324-2889 FAX (501) 324-2820



**DEPARTMENT OF VETERANS AFFAIRS**
Office of the General Counsel
Washington DC 20420

SEP 1 8 2012

CERTIFIED MAIL

In Reply Refer To:

James W. Stanley, Jr.
Attorney at Law
917 West Markham, Suite A
Little Rock, AR  72201

021B:LBG:17193

**Subject: Administrative Tort Claim of Cedric Ramey- Request for Reconsideration**

Dear Mr. Stanley:

This office has completed reconsideration of the above matter under the Federal Tort Claims Act (FTCA), and it is again denied.

The FTCA provides a legal remedy enabling an individual to recover damages under circumstances where the United States, if it were a private person, would be liable.  Our review revealed no evidence of any negligent or wrongful act or omission on the part of the Department of Veterans Affairs (VA) or any VA employee acting within the scope of his or her employment in May 2011 that caused your client, Cedric Ramey, to fall and injure his knee at the VA Medical Center in Arkansas.

Further action on the matter may be instituted in accordance with the FTCA, sections 1346(b) and 2671-2680, title 28, United States Code, which provides, in effect, that a tort claim that is administratively denied may be presented to a Federal district court for judicial consideration.  Such a suit must be initiated, however, within 6 months after the date of mailing of this notice of final denial as shown by the date of this letter (section 2401(b), title 28, United States Code).  If such a suit is filed, the proper party defendant would be the United States, not VA.

Please note that FTCA claims are governed by a combination of Federal and state laws.  Some state laws may limit or bar a claim or law suit.  VA attorneys handling FTCA claims work for the Federal government, and cannot provide advice regarding the impact of state laws or state filing requirements.

Sincerely yours,

Kathryn Simpson
for
E. Douglas Bradshaw, Jr.
Assistant General Counsel

Cc:  VA Regional Counsel, Nashville, TN